UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOVANGO, INC., AND<br>BARRY VAN GERBIG, JR. | * <br> * <br> * | CIVIL ACTION NO. 11-1600 |
| VERSUS | * <br> * | SECTION: |
| MALABAR BAY, LLC,<br>AND JAYE'S | * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiffs, GoVanGo, Inc., and Barry van Gerbig, Jr., for this complaint against defendants, Malabar Bay, LLC, and Jaye's, state as follows:

## PARTIES

**1.**

Plaintiff, GoVanGo, Inc., is a juridical person, organized under the Laws of Florida, which is authorized to do, and doing, business in the State of Louisiana.

**2.**

Plaintiff, Barry van Gerbig, Jr., is a natural person of the full age of majority, residing in the State of Florida, and is the owner of GoVanGo, Inc.

**3.**

Jaye's is a juridical person that may be served by service on its owner, Lalan Shrikam, and which has and is doing business in the State of Louisiana.

**4.**

Malabar Bay, LLC, is a juridical person and a corporation organized and existing under the laws of the State of Connecticut, and which has and is doing business in the State of Louisiana, and may be served through its registered agent, Robert Russo, 2507 Post Rd., Southport, Connecticut, 06890.

**5.**

Lalan Shrikam, at all times relevant to the infringing conduct described below, owed and owns both Malabar Bay, LLC, and Jaye's.

**6.**

Lalan Shrikam, at all times relevant to the infringing conduct described below, controlled and controls the acts and omission of both Malabar Bay, LLC, and Jaye's.

**JURISDICTION AND VENUE**

**7.**

This action arises under the copyright laws of the United States, Title 17, United States Code, Section 101, *et seq*. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

**8.**

Venue is proper in the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b-c).

**9.**

Defendants conduct, solicit, and attempt to conduct business in and throughout Louisiana and the Eastern District of Louisiana, sufficient to establish both personal jurisdiction over the Defendants and venue in this judicial district.

**FACTUAL BACKGROUND**

**10.**

Plaintiffs are the artist and the designer, creator, and owner of several unique and distinctive fabric designs.

**11.**

Plaintiffs own all intellectual property rights in Mr. van Gerbig's artworks, fabric designs, and articles of clothing made from those fabrics.

**12.**

Plaintiff have filed the following registrations with the United States Copyright Office (hereinafter referred to as the Protected Works):

- a. VA0001166299 (Peaceful Mermaids);
- b. VA0001161978 (Fabulous Flamingos);
- c. VA0001001007 (Tiki Huts);
- d. VA0001161977 (Island Turtles); and
- e. VA0001001006 (Zebra Palms).

**13.**

At all times, Plaintiffs complied with the Copyright Act and all applicable intellectual property laws with regard to the Protected Works.

**14.**

Subsequent to the creation and registration of the Protected Works by Plaintiffs, Defendants created, marketed, displayed, distributed and sold numerous products which infringe on Plaintiffs' intellectual property rights, including but not limited to the following items identified by the Defendants on various websites and other advertising media: "Shells & Mermaids," "Flamingos," "Cabana," "Keys," and "Boca Palm,"

**15.**

"Shells & Mermaids" is a direct copy of, and/or unauthorized derivative work of, "Peaceful Mermaids."

**16.**

"Flamingos" is a direct copy of, and/or unauthorized derivative work of, "Fabulous Flamingos."

**17.**

"Cabana" is a direct copy of, and/or unauthorized derivative work of, "Tiki Huts."

**18.**

"Keys" is a direct copy of, and/or unauthorized derivative work of, "Island Turtles."

**19.**

"Boca Palm" is a direct copy of, and/or unauthorized derivative work of, "Zebra Palms."

**20.**

The infringing works were marketed and sold by Defendants *via* the internet throughout the United States, including but not limited to the physical boundaries of the Eastern District of Louisiana.

**21.**

Defendants have offered multiple products depicting these infringing prints, including but not limited to beach covers, tunics, totes, robes, pajamas, boxers, capris, bed shirts, cosmetic bags, tennis racket covers, lunch boxes, tubs, pails, magazine trays, bedside trays, coasters, and the like.

**22.**

Plaintiffs did not authorize or license Defendants' reproduction or use of the protected designs for any of these prints or products.

**23.**

Defendants' infringement of the Protected Works is willful, deliberate, and in bad faith.

**24.**

The infringing works are direct copies, or near direct copies of the Protected Works.

**25.**

Additionally, in the Fall of 2010, shortly after Plaintiffs first discovered Defendants' infringing actions, Plaintiff made amicable demand on Defendants in which Plaintiff requested, *inter alia*, that all infringement cease.

**26.**

Defendants specifically admitted that their works infringed upon the Protected Works.

**27.**

Subsequent to the amicable demand, and despite the clear admission of infringement, and despite Defendants' claims of compliance, it was later discovered that Defendants continued to advertise and market (and on information and belief, to sell and profit from) infringing works.

**28.**

Defendants also disobeyed Plaintiffs' lawful request that all infringing items be delivered to Plaintiffs, but instead Defendants engaged in deliberate acts of spoliation of evidence.

**29.**

Defendants refused all further attempts to resolve this matter amicably.

**30.**

Defendants infringing works are the result of deceptive and/or fraudulent conduct.

**31.**

Defendants' infringing works are likely to lead to consumer confusion.

**32.**

Defendants' infringing works are also of a quality that is inferior to that of the Plaintiffs' Protected Works.

**33.**

Defendants' gross annual revenue, on information and belief, exceeds Four Million Dollars.

**34.**

Plaintiffs' Protected Works (and the titles thereof) also constitute Plaintiffs' trade dress, trade name and/or service mark, which trade dress, trade name or service mark are suggestive and have secondary meaning.

**35.**

Defendants' infringing works constitute confusingly similar trade names or services marks, which will result in likely consumer confusion.

### COUNT ONE:  COPYRIGHT INFRINGEMENT: DAMAGES AND INJUNCTIVE RELIEF

**36.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of his Complaint as if copied herein *in extenso*.

**37.**

At all times relevant herein, Plaintiffs have been and still are the owner of the exclusive rights, under 17 U.S.C. § 101, *et seq*., to reproduce, display, distribute, and to authorize the reproduction, display and distribution of the Protected Works.

**38.**

Defendants have illegally used the Protected Works as outlined above, and have marketed and sold within this judicial district and elsewhere throughout the United States and internationally items which directly, willfully, and deliberately infringe on the Protected Works.

**39.**

Defendants' acts, as alleged, are an infringement of Plaintiffs' copyrights.

**40.**

Defendants have continued to infringe said copyrights, and unless enjoined by order of this Court, will continue to infringe said copyrights, all to Plaintiffs' irreparable injury.

**41.**

Defendants infringing acts damages the reputation of Plaintiffs, and as such Plaintiffs are without an adequate remedy at law.

**42.**

Due to the direct and admitted nature of the infringement, Plaintiffs are highly likely to succeed at trial.

**43.**

Defendants have committed all the aforesaid acts of infringement knowingly, deliberately, and willfully.

**44.**

Plaintiffs have sustained, and will continue to sustain, substantial injuries, loss and damage to their exclusive rights under copyright in Protected Works, and further have and

will sustain damages from the loss of value of those exclusive rights by reason of Defendants' conduct.

### COUNT TWO: LANHAM ACT

**45.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso.*

**46.**

The above acts and omissions by Defendants also constitute violations of the Lanham Act for unfair competition, trademark, and trade dress protection (15 U.S.C.A. § 1101 *et seq.*)

### COUNT THREE: ADDITIONAL REMEDIES

**47.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso.*

**48.**

Defendants' actions, as alleged above, constitute unfair or deceptive acts or practices in the conduct of business.

**49.**

The conduct of defendant, as described herein, constitutes a violation of the Common Law Trademark protections, Common Law Unfair Competition protections, and Louisiana Unfair Trade Practices Act. *See* La. Rev. Stat. § 51:1409.

**50.**

As a direct and proximate result of the above-pleaded violations, Plaintiffs have sustained, and will continue to sustain, substantial monetary losses, injuries and damages.

**51.**

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against the Defendants as follows:

1. That Defendants be enjoined from doing or authorizing, directly or indirectly, any of the following activities without authority under the respective copyrights:

    a. Reproducing, manufacturing, distributing, selling, exchanging, trading, or lending any products depicting these infringing prints, including but not limited to beach covers, tunics, totes, robes, pajamas, boxers, capris, bed shirts, cosmetic bags, tennis racket covers, lunch boxes, tubs, pails, magazine trays, bedside trays, coasters, and the like, whose copyright, or exclusive rights under copyright, are owned by the Plaintiffs;

    b. offering to do any of the acts enjoined in subparagraph (a) above; and

    c. in any manner, infringing or contributing to or participating in the infringement by others of any of the copyrights in plaintiffs'

        Protected Works and from acting in concert with, aiding or abetting others to infringe any of said copyrights in any way.

2. That Defendants be required to account for and pay over to the Plaintiffs either (a) the actual damages suffered by the Plaintiffs as a result of the infringements of Protected Works, and any gains, profits, and advantages that are not taken into account in computing actual damages, or (b) statutory damages, as allowed by law;

3. That Plaintiffs recover exemplary and/or punitive damages, attorney's fees and costs of suit incurred herein, as well as all judicial interest allowed by law; and

4. That Plaintiffs have such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Edward R. McGowan*
_____
Edward Robert McGowan, T.A. (La. Bar #26415)
EDWARD ROBERT MCGOWAN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, Louisiana 70130
Telephone: (504) 858-5280
Facsimile: (866) 908-1882
edwardmcgowanlaw@mac.com

Attorney for Plaintiffs
 GoVanGo, Inc., and Barry van Gerbig, Jr.