UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GOVANGO, INC. AND BARRY VAN                  CIVIL ACTION
GERBIG, JR.

VERSUS                                        NO: 11-1600

MALABAR BAY, LLC, AND JAYE'S                  SECTION: R

**ORDER AND REASONS**

  Before the Court is defendant National Fire Insurance Company of Hartford's motion to dismiss "CNA" under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Because CNA is a service mark rather than an insurer or other legal entity, plaintiffs have not and cannot state a claim against CNA, and defendant's 12(b)(6) motion is therefore granted. The Court need not reach defendant's 12(b)(5) motion.

**I. BACKGROUND**

  Plaintiffs GoVanGo, Inc. and Barry Van Gerbig, Jr. filed this lawsuit[1] against defendants Malabar Bay, LLC and Jaye's, alleging copyright, Lanham Act, and unfair trade practices violations stemming from defendants' unauthorized marketing and sale of products bearing designs identical or substantially

---

  [1] R. Doc. 1.

similar to plaintiffs' protected works. On February 27, 2012, plaintiffs filed a supplemental complaint[2] adding National Fire Insurance Company of Hartford ("National Fire") and CNA as defendants, and alleging that both were insurers of Malabar Bay and Jaye's. National Fire followed with this motion to dismiss CNA under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[3] National Fire contends that CNA is neither an insurer nor a legal entity of any kind, but rather, a service mark that National Fire is authorized to use in its operations. Consequently, CNA cannot be served with process, nor can plaintiffs state a claim against it. Plaintiffs do not oppose National Fire's motion.

## II.  RULE 12(B)(6) STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw

---

[2]   R. Doc. 36.

[3]   R. Doc. 43.

all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

**A.   Judicial Notice**

Pursuant to Federal Rule of Evidence 201(B), a court may take judicial notice of adjudicative facts that are not subject

to reasonable dispute, either because they are (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). National Fire has submitted a copy of CNA's registration with the United States Patent and Trademark Office, and the Court takes judicial notice of that registration. *See Burkitt v. Flawless Records, Inc.*, 2005 U.S. Dist. LEXIS 11986, *9 (E.D. La. 2005) ("[T]rademark registrations are the type of evidence that a court may judicially notice pursuant to Rule 201(b)(2)."). Conversion of the Rule 12(b)(6) motion into a motion for summary judgment is not required when the Court takes judicial notice under Federal Rules of Evidence 201(b). *See* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) (noting that matters of which a court can take judicial notice are not considered "matters outside the pleadings" and do not require conversion of a motion to dismiss into a motion for summary judgment); *see also Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. Appx. 775, 785 (5th Cir. 2007) (quoting Wright & Miller with approval); *Bethea v. St. Paul Guardian Ins.*, 2003 U.S. Dist. LEXIS 8251, *7 (E.D. La. 2003) ("Though the Court may not look beyond the pleadings [in deciding a 12(b)(6) motion], the [C]ourt may take into account matters of public record[.]") (internal citation omitted).

**B. Capacity To Be Sued**

National Fire contends that because CNA is a service mark, not a legal entity that can be sued, plaintiffs' claims against it must be dismissed. Federal Rule of Civil Procedure 17(b) directs the Court to apply Louisiana law in determining procedural capacity. Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined ... for all other parties, by the law of the state where the court is located."). Under Louisiana law, "an entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2d Cir. 2006). A juridical person is "an entity to which the law attributes personality, such as a corporation or a partnership[,]" La. C.C. art. 24, and the juridical status of an entity depends upon the manner in which it functions and the authority that created it. *Dejoie*, 945 So. 2d at 972. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope*, 2009 WL 959508, *1 (E.D. La. 2009) (citing *City Council of Lafayette v. Bowen*, 649 So. 2d 611 (La. App. 3d Cir. 1994); *Green v. District Attorney Office*, 2009 WL 651132 (E.D. La. 2009)).

Courts examining the question have found that service marks are not entities and do not have legal capacity. In *Danna v. CNA Ins. Co.*, 1996 U.S. Dist. LEXIS 5048 (E.D. La. 1996), an Eastern District of Louisiana court recognized that although plaintiff

sued "CNA Insurance," CNA was actually "a service mark registered with the United States Patent and Trademark Agency and [] not a legal entity." *Id.* at 2 n.2. The court found that CNA was an improper party to the suit and granted the parties' joint motion to dismiss CNA as a defendant. *Id.* Likewise, in *Erbe v. Billeter*, 2006 U.S. Dist. LEXIS 98438 (W.D. Pa. 2006), the court dismissed defendant CIGNA Group Insurance upon finding that CIGNA was a registered service mark and "not a legal entity capable of suing or being sued." *Id.*, at *31.

In this case, CNA is a service mark and not a legal entity capable of suing or being sued. Consequently, plaintiffs have not stated a plausible claim for relief against CNA, and the Court grants National Fire's Rule 12(b)(6) motion.

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Rule 12(b)(6) and need not reach defendant's motion under Rule 12(b)(5).

New Orleans, Louisiana, this 21st day of May, 2012.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE